# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:18-MC-3836-WKW [WO] |
| JOON, LLC, d/b/a AJIN USA, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Equal Employment Opportunity Commission ("EEOC") brought this action for judicial enforcement of an administrative subpoena it issued to Joon, LLC, d/b/a Ajin USA ("Ajin"). The subpoena pertains to the EEOC's investigation into a third-party charge of employment discrimination filed against Ajin. In response, Ajin moved to quash the subpoena. (Doc. # 9.) Before the court is the Magistrate Judge's Recommendation that the district court issue the subpoena but narrow its scope. Ajin filed objections to the Recommendation. (Doc. # 23.) It argues that the EEOC lacked authority to issue the subpoena on grounds that the underlying third-party charge is untimely and not based on personal knowledge. (Doc. # 52.)

Having conducted a *de novo* review of those portions of the Recommendation to which objection is made, 28 U.S.C. § 636(b), the court will overrule the objections, adopt the Recommendation as modified, and deny Ajin's motion to

quash. Accordingly, the EEOC's application for an order directing Ajin to comply with the subpoena and for costs will be granted.

## I. JURISDICTION

The EEOC may apply to the district court in the jurisdiction where it is investigating for an order to compel production of subpoenaed information. *See* 42 U.S.C. § 2000e–9 (incorporating by reference 29 U.S.C. § 161(2)). This court has jurisdiction because Ajin is located in this district.

## II. BACKGROUND

Simon Gang's third-party charge is the catalyst for the EEOC's investigation of Ajin's employment practices pertaining to its internship program. A brief background on Gang's employment with Ajin and his EEOC filings is helpful to provide context to the issues under consideration. Gang is a former employee of Ajin, which is an automotive body parts manufacturer located in Cusseta, Alabama. He contends that Ajin made his work conditions so intolerable that he had to resign. He resigned on March 26, 2015, and filed an EEOC charge against Ajin, alleging that it constructively discharged him based on his national origin ("first-party charge").

This subpoena enforcement proceeding is not about Gang's first-party charge. It is about the EEOC charge Gang filed on August 8, 2016, five hundred and two days after his resignation. Namely, on this date, Gang filed a charge, not as an aggrieved person, but on behalf of other Korean employees of Ajin ("third-party

charge" or "charge").[1]  In his third-party charge, Gang contends that, during his employment with Ajin, he also "witnessed [Ajin's] disparate treatment of Korean employees."  (Doc. # 1-1, at 6.)  He asserts that Ajin subjected Korean interns to various forms of national origin discrimination, that they tolerated the discrimination "in hopes for immigration status sponsorship," and that "he believes these practices continue."  (Doc. # 1-1, at 6.)

Gang filed his charge using the form provided by the EEOC ("EEOC Form 5").  The EEOC Form 5 includes a block that requires claimants to include the earliest and latest dates on which the discrimination took place.  In this block, Gang indicates that the discrimination took place beginning on March 3, 2016, and continued until July 28, 2016, in violation of "the Civil Rights Act of 1964, as amended."  (Doc. #1-1, at 5.)  He also checked the box for a "continuing violation."  (Doc. # 1-1, at 5.)  Gang signed the third-party charge under penalty of perjury and dated it.  (Doc. # 1-1, at 6.)

In its investigation of Gang's third-party charge, the EEOC issued a subpoena to Ajin to produce documents pertaining to Ajin's internship program.  The subpoena sought information about Ajin's practices for recruiting and hiring interns from Korea and requested documentation as to the interns' identities, job assignments, pay, and living arrangements.  (Doc. # 1-1, at 18–20); *see also* 29

---

[1] Henceforth, references to the "third party charge" or "charge" are to the one Gang filed on August 8, 2016.

U.S.C. § 161(1) (permitting the EEOC to issue "subp[o]enas requiring the attendance and testimony of witnesses or the production of any evidence"). After the EEOC rejected Ajin's petition to revoke the subpoena, Ajin still refused to comply with it. (Doc. # 1-1, at 24–40.) Hence, the EEOC brought this action asking the court to issue an order enforcing the subpoena pursuant to § 161(2).

In the Recommendation, the Magistrate Judge concludes that the EEOC has authority to issue the subpoena because, contrary to Ajin's position, Gang's third-party charge is timely on its face and any "perceived deficiency in the verification of Gang's charge may be cured during the course of the EEOC's investigation." (Doc. # 22, at 3–7.) But the Magistrate Judge imposed temporal limitations and narrowed the scope of documents that Ajin must produce. (Doc. # 22, at 7–12.) Accordingly, the Magistrate Judge recommends enforcement of the EEOC subpoena, as modified, and the denial of Ajin's motion to quash. Ajin objects.

### III. DISCUSSION

Title VII of the Civil Rights Act of 1964, as amended, prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Title VII "entrusts the enforcement of that prohibition to the EEOC." *McLane Co. v. E.E.O.C.*, 137 S. Ct. 1159, 1164 (2017) (citation omitted). The EEOC's "responsibilities are triggered by the filing of a specific sworn charge of discrimination." *McLane Co.*, 137 S. Ct. at 1164 (citation and internal quotation marks omitted). An EEOC charge can be filed "by or on behalf of" aggrieved parties

who have suffered employment discrimination prohibited by Title VII. § 2000e–5(b). "When it receives a charge, the EEOC must first notify the employer and must then investigate to determine whether there is reasonable cause to believe that the charge is true." *McLane Co.*, 137 S. Ct. at 1164 (citation and internal quotation marks omitted); *see also* § 2000e–5(b) (providing that, "[w]henever a charge is filed," the EEOC "shall make an investigation thereof").

"The EEOC's authority to investigate under Title VII is quite broad." *E.E.O.C. v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987) (citation omitted). The EEOC "shall" have access to "any evidence" of any person under investigation "that relates to unlawful employment practices . . . and is relevant to the charge under investigation." 42 U.S.C. § 2000e–8(a). To aid its investigation, the EEOC has "the authority to issue administrative subpoenas and to request judicial enforcement of those subpoenas" against non-complying employers. *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 63 (1984) (citing 42 U.S.C. § 2000e–9); *see also* § 161(1).

A subpoena enforcement proceeding is "designed to be summary in nature." *Tempel Steel*, 814 F.2d at 485. A court should "not . . . encourage or allow an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial." *E.E.O.C. v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002). Hence, "[a] district court's role in a proceeding to enforce an administrative subpoena is limited." *U.S. E.E.O.C. v. Tire Kingdom, Inc.*, 80 F.3d 449, 450 (11th Cir. 1996); *see also E.E.O.C. v. Kloster*

*Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991) ("It is well-settled that the role of a district court in a proceeding to enforce an administrative subpoena is sharply limited."). "The court may inquire into (1) whether the administrative investigation is within the agency's authority, (2) whether the agency's demand is too indefinite, and (3) whether the information sought is reasonably relevant." *Tire Kingdom*, 80 F.3d at 450.

Ajin's objections to the Recommendation pertain to the first *Tire Kingdom* inquiry. Ajin contends that, contrary to the Recommendation's findings, Gang's third-party charge is untimely and not based on Gang's personal knowledge and that these deficiencies strip the EEOC of its authority to issue the subpoena.[2]

### 1. *Whether Ajin's objection that the EEOC charge is untimely is grounds for not enforcing the subpoena*

An EEOC charge "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." § 2000e–5(e)(1). However, a party's failure to timely file an EEOC charge generally does not prevent enforcement of an EEOC subpoena at the investigative stage.[3] *See Tempel Steel Co.*, 814 F.2d at 485 ("We . . . join those courts that have determined that a timeliness defense may not be raised to block enforcement of an EEOC subpoena.") (collecting cases); *see*

---

[2] Ajin's other objections challenging the validity of the charge, which appear only cursorily on page eight (Doc. # 23, at 8), are specious and merit no discussion.

[3] This is the law in those circuits that have addressed the issue. The parties do not cite (and the court's independent research did not find) an Eleventh Circuit decision.

*also EEOC v. Roadway Express, Inc.*, 750 F.2d 40, 42 n.1 (6th Cir. 1984) (holding that subpoena enforcement actions are "not the proper time to litigate the merits of a claim, either procedurally or substantively" and noting that "[t]he district court should examine a charge to make sure that it is facially valid, but it need not go beneath the face of the charge to make factual determinations as to timeliness"); *E.E.O.C. v. K-Mart Corp.*, 694 F.2d 1055, 1065 (6th Cir. 1982) ("[T]he adequacy of the date contained in the charge could and should be determined from the face of the charge."))). As the Seventh Circuit explained in *Tempel Steel Co.*, which affirmed the district court's order enforcing an EEOC subpoena, "the EEOC's authority to investigate is not negated simply because the party under investigation may have a valid defense to a later suit." 814 F.2d at 485. "If every possible defense, procedural or substantive, were litigated at the subpoena enforcement stage, administrative investigations obviously would be subjected to great delay." *Id.*

Analyzing the face of the third-party charge, the Magistrate Judge correctly concluded that Gang's charge is timely. (*See* Doc. # 22, at 4.) The EEOC charge has a filing date of August 8, 2016, which means that discrete acts of discrimination reaching back to February 11, 2016 are within the 180-day window. As set out in the charge, the discrimination occurred between March 3, 2016, and July 28, 2016. Hence, on the face of the charge, there are discrete acts of discrimination occurring during the 180-day period preceding the charge's filing date. Moreover, in addition to alleging timely discrete acts of discrimination, Gang also accused Ajin of

7

discrimination occurring on a "continuing nature" when he checked that box on the EEOC form.  Under the continuing violation doctrine, acts of discrimination occurring outside the 180-day window are not time barred under Title VII if they are part of a continuing violation that continued to a time within the period for filing. *See generally E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (discussing the continuing violation doctrine).  Hence, a continuing violation of discrimination is clearly identified on the face of the charge.

Ajin does not seriously dispute that the EEOC charge, on its face, portends to be timely by alleging a continuing violation.  Rather, it contends that the charge's untimeliness should be inferred because Gang did not mention third-party discrimination in his original charge and because he had not worked for Ajin for 495 days when he filed his third-party charge. (Doc. # 23, at 10–13.)  This argument, though, is more in the nature of an attack on the truthfulness of Gang's accusations outlined in his charge.  A subpoena enforcement proceeding is not the proper time to litigate the merits of the claims.  *See Shell Oil Co.*, 466 U.S. at 70 n.26 (noting that, in a subpoena enforcement, the district court should not "determine whether the charge of discrimination is 'well founded' or 'verifiable'" and that "[a]ny effort by the court to assess the likelihood that the Commission would be able to prove the claims made in the charge would be reversible error").  It is the job of the EEOC, not this court in a subpoena enforcement proceeding, to investigate the charge's

allegations and "determine whether there is reasonable cause to believe that the charge is true." *McLane Co.*, 137 S. Ct. at 1164.

Notwithstanding the general rule above, Ajin relies on a Fourth Circuit decision that recognized limited non-jurisdictional bases for a district court's refusal to enforce an administrative subpoena on timeliness grounds. *See E.E.O.C. v. City of Norfolk Police Dep't*, 45 F.3d 80, 83 (4th Cir. 1995). Those grounds exist "only . . . if 'there are no facts in dispute relating to the untimeliness of the charge, if the charge shows on its face that it is untimely, *and* if the filing of the charge is concededly out of time or . . . such is otherwise apparent.'"[4] *Id.* (quoting *E.E.O.C. v. Ocean City Police Dep't*, 820 F.2d 1378, 1383 (4th Cir. 1987) (emphasis added), *cert. granted*, *judgment vacated*, 486 U.S. 1019 (1988). Ajin relies on *City of Norfolk Police Department* to argue that the Magistrate Judge erred by "evaluat[ing] the timeliness based *only* 'on the face' of the 2016 charge.'" (Doc. # 23, at 10 (alterations added).) Ajin contends now, for the first time, that the untimeliness of Gang's third-party charge actually "is conceded by the EEOC and otherwise apparent." (Doc. # 23, at 13.) There are multiple flaws in this objection.

---

[4] Whether the italicized "and" should be "or" is not clear. *See City of Norfolk Police Dep't*, 45 F.3d at 83 (also using the disjunctive — "if the charge 'shows on its face that it is untimely,' is 'concededly out of time,' *or* this was 'otherwise apparent'" (quoting *Ocean City Police Dep't*, 45 F.3d at 83) (emphasis added)). It is not necessary to decide between the disjunctive or the conjunctive because Ajin's objection lacks merit even employing the disjunctive, which appears to be more favorable to Ajin.

The first is that, in *City of Norfolk Police Department*, the Fourth Circuit was questioning, rather than reaffirming, the precedential value of its prior decision in *Ocean City Police Department* since the judgment in that case had been vacated by the Supreme Court. *See* 45 F.3d at 80 n.4 (noting that it was "not at all clear" whether "when a judgment of this Court has been vacated by the Supreme Court, the opinion containing that judgment is still entitled to some precedential value") (citing *Ocean City Police Dep't*, 820 F.2d at 1383). Hence, the continuing validity of the Fourth Circuit authority upon which Ajin relies for piercing the face of the EEOC charge to scrutinize the charge's timeliness is questionable.

The second is that the objection is untimely. Ajin argued before the Magistrate Judge only that the EEOC charge "is, on its face, untimely." (Doc. # 9, at 5; *see also id.* at 7–9.) It did not contend, as it does now, that Gang's third-party charge is untimely for other reasons recognized in *City of Norfolk Police Department*. (Doc. # 23, at 13.) Although not required to consider Ajin's new arguments, which the EEOC did not have a chance to rebut and the Magistrate Judge did not have an opportunity to consider, the court reluctantly will. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

The third is that Ajin has shown neither that the filing of the charge is concededly out of time nor that such is otherwise apparent. The EEOC has not

conceded that Gang filed the charge out of time. The record reflects the opposite. (*See, e.g.*, Doc. # 11, at 4 ("The charge is, in fact, timely . . . ."); *see id.* ("The charge was filed August 8, 2016 and alleges 'these practices continue' to the date the charge was prepared and signed. The discriminatory practices, therefore, allegedly existed and continued throughout Title VII's 180-day charge filing period." (citation and internal quotation marks omitted)). And, as recognized in *City of Norfolk Police Department*, where the EEOC charge is "at least arguabl[y]" timely, it is "certainly not apparent" that it is untimely, and, thus, "precedent favors enforcement of the EEOC subpoena." 45 F.3d at 85 (citation and internal quotation marks omitted). For the reasons already discussed, the face of the EEOC charge provides an arguable basis for the charge's timeliness. No more need be said to dispense with Ajin's arguments.

In sum, Ajin has not shown that the alleged untimeliness of Gang's third-party charge is grounds for this court to refuse to enforce the EEOC's subpoena. Should, however, Ajin find itself hauled into court to defend against the allegations in the charge, Ajin will have the opportunity to argue in its defense that the EEOC charge is untimely. At this stage, the objection is premature, and the Recommendation is correct.

**2.  *Whether Ajin's objection that the EEOC charge is invalid because it exceeds Gang's personal knowledge provides grounds for not enforcing the subpoena***

The Recommendation rejects Ajin's argument that the EEOC charge contains facts beyond Gang's personal knowledge and, therefore, is invalid for lack of proper verification.  To reach this conclusion, the Recommendation focuses on 29 C.F.R. § 1601.7(a), the regulation governing the filing of a charge of discrimination "on behalf of" another person.  Under § 1601.7(a), the written charge does not need to "identify by name the person on whose behalf it is made" but, during the investigation, the EEOC must "verify the authorization of such charge by the person on whose behalf the charge is made."  *Id.*  Citing these provisions, the Recommendation concludes that any "perceived deficiency in the verification of Gang's charge may be cured during the course of the EEOC's investigation" but that the deficiency does not provide a basis for denying enforcement of the subpoena. (Doc. # 22, at 7.)

Objecting, Ajin contends that the Recommendation's focus is wrong.  It says, "The issue is not the identity of the individuals on whose behalf the charge was filed," but rather that Gang "himself does not have personal knowledge of the allegations" in his third-party charge. (Doc. # 23, at 14.)  Ajin argues that, because Gang resigned from Ajin's employment more than a year prior to bringing his third-party charge, he will never be able to verify that the charge is based on his personal

knowledge and, thus, the charge is invalid and the subpoena must be quashed. (Doc. # 23, at 13–14.)

The Recommendation reaches the correct result but for a different reason than the one it advances. Section 1601.7(a) ensures that the EEOC "verif[ies]" with the third party that the third party consents to the charge being filed on his or her behalf. But whether the charge is verified for purposes of finding it valid is governed by § 2000e–5(b) and 29 C.F.R. § 1601.9.[5] For the reasons to follow, the charge is valid because Gang properly verified it as required under § 1601.9.

A valid charge "is a jurisdictional prerequisite to judicial enforcement of a subpoena issued by the EEOC." *Shell Oil Co.*, 466 U.S. at 65. A charge is valid if it "meets the requirements set forth in § 706(b), 42 U.S.C. § 2000e–5(b)." *Id.* Section 2000e–5(b) requires, as pertinent to this case, that the charge "be in writing under oath or affirmation." The EEOC's regulations provide that "[a] charge shall be in writing and signed and shall *be verified*." § 1601.9 (emphasis added); *see also Vason v. City of Montgomery, Ala.*, 240 F.3d 905, 907 (11th Cir. 2001) (Section 2000e–5(b)'s "verification requirement for EEOC charges is mandatory."). And the term "verified" is defined as "sworn to or affirmed before a notary public" or "supported by an unsworn declaration in writing under penalty of perjury." § 1601.3(a). Gang's form is not notarized; thus, the issue is whether the form

---

[5] The Recommendation cites § 2000e–5(b) and § 1601.9, but its analysis focuses on § 1601.7(a) and case law interpreting that regulation.

13

satisfies the verification requirement for an unsworn declaration. An unsworn declaration must be "in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . ." 28 U.S.C. § 1746(1); *see also* § 1746(2) (providing that declarations must be "in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'.").[6]

Based on the foregoing principles, an unsworn declaration satisfies the verification requirements of § 2000e–5(b) if (1) includes a written assertion of facts that is true, (2) provides a declaration that the first assertion is made under penalty of perjury, and (3) is dated. Here, in his EEOC charge, Gang included factual details about the dates, location, and nature of the alleged national original discrimination occurring at Ajin and expressed his belief that the discrimination was ongoing. His charge, which he submitted on the EEOC Form 5, contains a statement that parallels the illustrated language in § 1746(2): "I declare under penalty of perjury that the foregoing is true and correct." (Doc. # 1-1, at 5–6.) Gang signed and dated the form underneath this preprinted language. Gang, thus, declared that the facts in his EEOC

---

[6] Courts have found that an EEOC charge that is made under penalty of perjury as prescribed by § 1746 meets the verification requirement of § 2000e–5. *See Ferrante v. MAS Med. Staffing*, No. 2:13-CV-00211-JAW, 2015 WL 1401023, at *19 (D. Me. Mar. 26, 2015) (collecting cases); *Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1256 (M.D. Ala. 2007) (finding that the plaintiff's signature on her EEOC charge "declaring under penalty of perjury that the foregoing is true and correct" satisfied "the requirements of Title VII and the EEOC regulations concerning verification of charges"); *Fultz v. B.A. Mullican Lumber & Mfg. Co.*, 197 F. Supp. 2d 523, 525 (W.D. Va. 2002) (reading § 2000e–5 in conjunction with § 1746 and finding that the employee complied with § 2000e–5 by signing and dating the EEOC charge underneath the form's perjury language).

charge were "true and correct," and he signed the form under penalty of perjury and dated it. Accordingly, Gang filed a verified charge of discrimination that satisfies § 2000e–5's writing and oath or affirmation requirements.

Another court rejected an argument, similar to Ajin's, that the employee's EEOC charge did not satisfy § 2000e–5(b)'s verification requirement because "the primary basis for the amended charge came from sources outside the charging party." *E.E.O.C. v. Schwan's Home Serv.*, 707 F. Supp. 2d 980, 992 (D. Minn. 2010) (internal quotation marks omitted), *aff'd*, 644 F.3d 742 (8th Cir. 2011). Assessing the validity of the charge based on "the face of the charge, [and] not from extrinsic evidence," the court found that the charge complied with § 2000e–5(b)'s "writing and oath requirements." *Id.* (quoting *E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 650 (7th Cir. 2002)). The charging party signed the charge and declared "under penalty of perjury that the above is true and correct." *Id.* (internal quotation marks omitted). The court expressly "decline[d] to engage in any further factual inquiry to verify the allegations in the Amended Charge." *Id.* It also found no reason to question the veracity of the charging party's "belief" that the employer "discriminates against females, as a class, in regard to [the management training program]." *Id. Schwan's Home Service* lends support to this court's ruling.

However, arguing that Gang's third-party charge is not properly verified, Ajin cites two cases, neither of which were subpoena enforcement actions. These cases are readily distinguishable. *See Butler v. Greif, Inc.*, 325 F. App'x 748, 749 (11th

15

Cir. 2009); *Davenport v. Asbury, Inc.*, No. 3:12-CV-445, 2013 WL 1320696, at *5 (E.D. Tenn. Mar. 29, 2013). In each case, the plaintiff did not sign the EEOC charge. Instead, the plaintiff's attorney signed the charge but not under oath or penalty of perjury. The charge was not verified by the charging party or by the attorney. In other words, there was no verification at all. *See Butler*, 325 F. App'x at 749 ("Butler had to file a charge with the EEOC under oath or affirmation. 42 U.S.C. § 2000e–5(b). Butler's charge, which was submitted by his attorney, was not verified at the time it was filed."); *Davenport*, 2013 WL 1320696, at *5 (explaining that a plaintiff's attorney's signature that is not sworn or under penalty of perjury does not satisfy the verification requirement for the filing of a valid charge of discrimination). Here, unlike in *Butler* and *Davenport*, the party who filed the charge (Gang) verified the charge by signing it under penalty of perjury. Gang did what § 2000e–5(b) required.

In light of the foregoing, Ajin has not shown that Gang's third-party charge lacks proper verification. It has not demonstrated a basis for quashing the EEOC subpoena or for not enforcing the subpoena.

### IV. CONCLUSION

Accordingly, it is ORDERED as follows:

(1) Ajin's Objections (Doc. # 23) are OVERRULED;

(2) The Recommendation (Doc. # 49) is ADOPTED as modified herein;

(3) The EEOC's application (Doc. # 1) is GRANTED;

(4) Within fourteen days from the date of this Order, Ajin shall comply with the subpoena, as modified by this court, by submitting the requested information in the manner described in the subpoena;

(5) Ajin's motion to quash (Doc. # 9) is GRANTED in part and DENIED in part as set out in the Recommendation.

(6) The EEOC is granted its costs.

The Clerk of the Court is DIRECTED to close this case.

DONE this 15th day of May, 2019.

                                                  /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE